UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIANE KAREN McKAY, <br><br> Plaintiff, <br><br> -against- <br><br> SPECTRUM CABLE, <br><br> Defendant. | 19-CV-11283 (CM) <br><br> ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action alleging that Defendant Spectrum Cable misrepresented the amount of her cable bill, charging her too much money. She invokes the Court's federal question jurisdiction as the basis for the Court's jurisdiction over this claim.

By order dated January 8, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court dismisses the action for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff uses the Court's general complaint form, asserting the following facts:

> Spectrum Cable Company has deliberately harass[ed] me daily for the payment of an overdue amount of $180.00. . . . I signed up for a discounted deal of $44 monthly for 12 months. [Spectrum Cable] insisted and demanded that I pay the overdue amount of $80 at once or my cable service will [sic] be interrupted. I then informed the Spectrum Cable Specialist that I made a payment of $90 towards the account. . . . I am not going to pay Spectrum for services they added on my account without my authorization.

(ECF No. 2 at 5-6.)

After checking the box on the form to invoke the Court's federal question jurisdiction, Plaintiff writes the following (in the section in which she is asked to state which of her federal constitutional or federal statutory rights have been violated): "cable bill charge unauthorization." (ECF No. 2 at 2.) She seeks a court order directing Spectrum Cable to adjust her cable bill and restore her services.

Plaintiff asserts that she resides in New York and that Spectrum Cable, which provides cable services nationally, is both a New York and Ohio company.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v.*

2

*CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

## A.     Federal Question

Plaintiff asserts that her claim arises under the Court's federal question jurisdiction. To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction.  *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Plaintiff does not identify any federal law or constitutional right that Defendant violation. Thus, this Court cannot exercise federal question jurisdiction over her claim.

## B.     Diversity Jurisdiction and State Law Claims

Although Plaintiff does not invoke diversity jurisdiction or refer to any state law claims, the Court must consider whether she state any claims under state law, *see McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017), and, if so, whether the Court has diversity jurisdiction.

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states.[1] *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

For the purpose of this order, the Court assumes that the facts alleged may state a claim under New York law based on Plaintiff's assertion that Spectrum Cable overcharged her in the amount of $180.00. But on its face, the complaint shows that Plaintiff cannot satisfy the jurisdictional amount of $75,000. Thus, this Court lacks diversity jurisdiction over her claims.

### C. Leave to Replead

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the Court lacks subject matter jurisdiction over Plaintiff's complaint, and the defects in cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint. However, this dismissal is without prejudice to Plaintiff's filing a case in the courts of New York State – most likely, small claims court.

---

[1] According to publicly available records, Spectrum Cable is headquartered in Connecticut. Because, as explained below, the Court cannot exercise jurisdiction over any state-law claims under the diversity of citizenship statute because the claims do not meet the amount in controversy, the Court is not required to resolve Spectrum Cable's residency for diversity of citizenship purposes.

4

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 24, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge